IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN R. HUCKABA,

    Plaintiff,

vs.

CSX TRANSPORTATION, INC.,

    Defendant.

Case No. 13-CV-0586-SMY-PMF

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff's bill of costs (Doc. 66). Defendant filed an objection (Doc. 69). The Court issued an Order to Show Cause (Doc. 73) to which Plaintiff responded (Doc. 74). Defendant then filed a response (Doc. 75).

    Plaintiff filed its bill of costs seeking a total of $6348.18. Defendant objects to the following costs being sought by Plaintiff: (1) $2,200.00 in fees paid to Dr. Gary Ulrich and Dr. Joseph Ritchie; (2) $74.50 in costs for the shipping, postage, and handling of deposition transcripts (3) $21.35 in costs for the duplication of documents used as exhibits ; (4) $25.57 in costs for shipping, postage, and handling of medical records ; (5) $7.50 in costs for storage or archiving of the deposition of Dr. Gary Ulrich; (6) $832.25 in costs for several deposition transcripts ; (7) $150.00 in fees for court reporter attendance at the deposition of Roy Matthews; (8) $75.00 in administrative fees charged for the deposition of Roy Mathews; and (9) $520.05 for plaintiff's attendance at trial.

    Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Ordinarily the Clerk of Court taxes costs in favor of the prevailing party on 14 days' notice. Fed. R. Civ. P. 54(d)(1). Those costs may include:

> (1) Fees of the clerk and marshal; (2) Fees for printed and electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court presumes that a prevailing party is entitled to costs as a matter of course, but has the discretion to deny or reduce costs where warranted. *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). This presumption in favor of awarding costs is difficult for the non-prevailing party to overcome. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Unless the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988).

Defendant's first objection is to $2200.00 in costs for fees to pay two expert witnesses. "Under Rule 54(d) and 28 U.S.C. § 1920 a party may recover as costs of suit for expert witnesses only the amounts specified in 28 U.S.C. § 1821." *State of Ill. v. Sangamo Const. Co.*, 657 F.2d 855, 865 (7th Cir. 1981). Therefore, recoverable expert fees are limited to $40.00 per day for each expert witness. As it appears each deposition lasted no longer than one day, the recovery of costs is reduced to $40.00 per expert, or $80.00 total.

Defendant next objects to the costs for shipping, postage, and handling of deposition transcripts. Postage costs are considered ordinary business expenses that may not be charged in relation to obtaining transcripts. See *Rogers v. City of Chicago*, 2002 WL 423723, at *2 (N.D.Ill. Mar. 15, 2002); *Alexander v. CIT Tech. Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1091 (N.D. Ill. 2002). Accordingly, the costs for shipping the deposition transcripts in the amount of

$74.50 are not recoverable. Additionally, costs for obtaining medical records in the amount of $25.57 are also not recoverable as they are not a taxable cost. See *Id*.

Plaintiff also seeks to recover $21.35 for the duplication of documents used as exhibits which were already in the possession of Plaintiff. The Court may tax costs for the "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court . . . ." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) (quoting *EEOC v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980)). Where a party is already in possession of the deposition exhibits, it will not be allowed to recover for the costs of making additional copies. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998). In the case at bar, the exhibit copies were prepared in conjunction with deposition transcripts which Plaintiff had in his possession. Accordingly, it was not necessary for Plaintiff to copy these exhibits for the purpose of presenting evidence to the Court. The Court therefore reduces Plaintiff's bill of costs for exemplification and the cost of making copies by $21.35.

Defendant next argues that recovery for the storage or archiving of Dr. Ulrich's deposition is not authorized under 20 U.S.C. 1920. "The Seventh Circuit has noted that there appears to be no authority for the recovery of storage costs under 28 U.S.C. § 1920." *Comrie v. IPSCO Inc.*, 2010 WL 5014380, at *4 (N.D. Ill. Dec. 1, 2010) citing *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, n. 14 (7th Cir. 1991). Accordingly, the Court reduces Plaintiff's Bill of Costs by $7.50 as costs for storage is not recoverable.

The next objection by Defendant is to $832.25 for the costs of deposition transcripts where the invoices only state that the cost is for one original and one copy of the transcript. In

reviewing Plaintiff's exhibits, it appears that the cost in each invoice is listed as original plus one copy. However, the invoices don't indicate that there was a separate or additional charge for the copy. Accordingly, Defendant's objection to Plaintiff's recovery of $832.25 is overruled.

Plaintiff also seeks to recover the court reporter's fees from the deposition of Roy Matthews. Defendant argues these fees are not reasonable. A prevailing party may recover court reporter attendance fees in addition to the transcript costs authorized under 28 U.S.C. § 1920(2). *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 457 (7th Cir. 1998). Those attendance fees, however, must be reasonable. *Dishman v. Cleary*, 279 F.R.D. 460, 468 (N.D. Ill. 2012). Here, Defendant suggests that hourly fees in excess of $60.00 are ordinarily unreasonable and that the fee charged was unreasonable for a 73 page deposition. Defendant has provided no evidence of this fact or cited any authority that the fees in this particular case were unreasonable. Accordingly, the Court overrules Defendant's objections with respect to the court reporter attendance fees.

Defendant also objects to the recovery of $75.00 in administrative fees for the deposition of Roy Mathews. Such fees are generally not recoverable. See *Angevine v. WaterSaver Faucet Co.*, 2003 WL 23019165, at *5 (N.D. Ill. Dec. 23, 2003); *Williams v. Thresholds, Inc*., 2003 WL 22478784, at *2 (N.D. Ill. Oct. 31, 2003); *Bosch v. Ball-Kell*, 2007 WL 2994085, at *2 (C.D. Ill. Oct. 11, 2007). Accordingly, Plaintiff's requested recovery is reduced by $75.00.

Defendant's final objection is to the recovery of witness fees in the amount of $520.05 Plaintiff's attendance at trial. Plaintiff has not cited to any provision of § 1920 or Seventh Circuit case which provides for costs of a party's own attendance at trial. Thus, Plaintiff is not entitled to recover these costs. See *Chencinski v. David*, 2013 WL 161735, at *2 (S.D. Ill. Jan. 14, 2013).

In conclusion, the Court **REDUCES** Plaintiff's Bill of Costs in the amount of $2843.97 and **DIRECTS** the Clerk of Court to tax costs in the amount of $3504.21.

**IT IS SO ORDERED**.

**DATED:** February 10, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
